IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AL McZEAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-1490 |
| | § | |
| EMC MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Al McZeal, proceeding *pro se*, moves to remand. (Docket Entry No. 6). The defendant, EMC Mortgage Corporation, has responded. (Docket Entry No. 7). For the reasons explained below, the motion to remand is denied.

**I.    Background**

This suit was filed in state court on August 25, 2008. EMC was not served with process. An amended complaint was filed on March 24, 2009. In the first amended complaint, McZeal alleged claims arising under federal law. He alleged that EMC violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, and conspired to violate McZeal's civil rights in violation of 42 U.S.C. § 1985. McZeal asserted federal jurisdiction based on 28 U.S.C. § 1331, 28 U.S.C. § 1337, 42 U.S.C. § 1981, and 28 U.S.C. § 1343.

In the motion to remand, McZeal argues that he provided EMC with notice of the amended complaint on March 30, 2009. McZeal did not serve EMC with process, instead sending a letter on March 30, 2009. On April 20, 2009, EMC filed a general denial, waiving service by appearing in the action. On May 18, 2009, EMC filed its notice of removal under 28 U.S.C. § 1446. McZeal

moved to remand on June 3, 2009, arguing that the notice of removal was untimely, the plaintiff is the "master of the complaint and desires to have the matter litigated in State Court," (Docket Entry No. 6, at 4), and may be "eschewing claims based on federal law," (*id.* at 5).

## II.    Discussion

The notice of removal was timely filed. The 30-day period for removal does not begin when a defendant receives notice of a suit, such as EMC received on March 30, 2009 when McZeal mailed a copy of the complaint. In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999), the Supreme Court rejected the cases stating that the 30-day period for removal began on the date the defendant first received notice of the filing of a suit. The Supreme Court held that informal service, such as a "courtesy copy" of the complaint, did not start the 30-day period for removal. *Id.* Under Murphy, the 30-day period begins to run on the date a defendant receives formal service of process.

The 30-day period in this case did not begin when EMC received mail notification of this suit. EMC did not execute a formal waiver of service. Instead, EMC filed an answer on April 20, 2009. That answer waived service. Although federal law requires the defendant to file a removal notice within thirty days of service, the term "service of process" is defined by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.,* 428 F.3d 206 (5th Cir.2005). To determine whether EMC complied with § 1446(b), this court must look to service of process under Texas law.

Texas Rule of Civil Procedure 199 states:

> The defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall

> have the same force and effect as if the citation had been issued and served as provided by law. The party signing such memorandum shall be delivered a copy of plaintiff's petition, and the receipt of the same shall be acknowledged in such memorandum. In every divorce action such memorandum shall also include the defendant's mailing address.

In this case, there was no formal service on EMC. Instead, it voluntarily answered on April 20, 2009 and on that date voluntarily waived service under TEX. R. CIV. P. 120 and 121. Accordingly, the thirty-day removal deadline began on that date and EMC's removal on May 18, 2009 was timely.

McZeal's remaining arguments are unpersuasive. He asserted federal causes of action in his complaint. Federal removal jurisdiction was present. In removals based on federal question jurisdiction, the court ordinarily determines whether a federal question exists by looking at the face of the plaintiff's state court petition. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992). The fact that McZeal may later choose to "eschew" his federal claims does not strip this court of jurisdiction, which is determined by the pleadings as of the date of removal. *See*, *e.g.*, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995).

### III. Conclusion

The motion to remand is denied.

SIGNED on June 16, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3